UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>-vs- )<br>)<br>NATHANIEL WILLIAM NORMAN, )<br>)<br>Defendant. )<br>_____ ) | CASE NO. CR03-176-N-EJL<br><br><br>MEMORANDUM ORDER |

Pursuant to United States v. Booker, 125 S. Ct. 738, 769 (2005) and United States v. Ameline, 409 F.3d 1073, 1084-85 (9th Cir. 2005) (en banc), the Ninth Circuit remanded this case to allow the Court to consider whether it would impose the same sentence had the sentencing guidelines been advisory rather than mandatory at the time of the original sentencing. The Defendant subsequently filed a Memorandum in Support of Resentencing and the United States filed a response. No reply brief was filed by the Defendant.

For the reasons set forth below, the Court has determined that it would not have imposed a materially different sentence under advisory guidelines. Thus, Defendant's original sentence stands, subject to appellate review based on the Booker reasonableness standard. See Ameline, 409 F.3d at 1074-75, 1085.

## BACKGROUND

Defendant Nathaniel William Norman pled guilty to conspiracy to import marijuana, in violation of 21 U.S.C. § 963 (Count 1), conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C. § 846 (Count 23), conspiracy to commit money

MEMORANDUM ORDER - Page 1

laundering, in violation of 18 U.S.C. § 1956(h)(Count 30), and two forfeiture counts. The Court sentenced Norman to a concurrent term of 144 months imprisonment to be followed by 5 years supervised release, a $3,000 fine and $300 special assessment fee. Upon the government's oral motion, the Court dismissed Counts 2 through 22, 24 through 29, and 31 through 57.

The probation report had calculated the tentative guidelines at a total combined offense level of 37, criminal history of I, for a sentencing range of 210-262 months. At the sentencing hearing, the Court departed four levels after the Government moved for a downward departure pursuant to USSG § 5K1.1, to a total offense level of 33, a criminal history of I, and a sentencing range of 135 to 168 months. The Court imposed a sentence towards the bottom of the sentencing range, of 144 months. The Defendant filed a direct appeal and the Ninth Circuit remanded the sentence for further proceedings consistent with Ameline.

In accordance with the procedures set forth in Ameline, the Court provided Defendant with an opportunity to opt out of resentencing and sought briefs from counsel regarding whether or not the sentence should be materially different. In his brief, Defendant contends that he should be resentenced because of the disparity between his sentence and the sentences received by his co-defendants. He notes that he received a sentence of 144 months, while his co-defendants were given sentences ranging from 2 years of probation to 46 months imprisonment. The Government responds that Norman's sentence was appropriate under the circumstances and that the Court should not impose a materially different sentence under the

now advisory Sentencing Guidelines.

## APPLICABLE LAW AND DISCUSSION

Ameline instructs that if a district court judge determines that the sentence imposed would not have differed materially under an advisory guideline scheme, the judge "should place on the record a decision not to resentence, with an appropriate explanation." Id. at 1085.

In making its determination on remand, the Court has examined the Presentence Report and Addendum prepared for the original sentencing; the parties' submissions prior to sentencing, the transcript of the original sentencing hearing, the briefs of the parties, and Booker and Ameline.

At the sentencing hearing the Court noted the various factors that it was required to consider in reaching an appropriate sentence, and the characteristics of the Defendant's criminal behavior that it deemed significant to the sentence imposed. In particular, the sentence Norman received differed from the co-defendants because Norman was the ringleader of a organization that engaged in recurrent criminal behavior involving large quantities of drugs and money. He was the organizer and recruiter of a network of smugglers and distributors forming the drug and money laundering conspiracy. And he also was a prime beneficiary of the drug proceeds. However, the Court also considered mitigating factors such

as Norman's background, age, family and cooperation with authorities, to arrive at a final sentence.

In sum, in addressing the only substantive issue presented by the Defendant in the motion for resentencing, the Court finds the Defendant's sentence would not have been materially different under advisory guidelines and the Defendant's motion should be denied.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant's Motion for Resentencing (Docket No. 635) is DENIED.

IT IS FURTHER HEREBY ORDERED that the sentence imposed on July 16, 2004 would not have been materially different under advisory guidelines.  See Judgment, Docket No. 439.  Therefore, the original sentence stands, subject to appellate review based on the reasonableness standard established in Booker.

DATED:  **June 29, 2006**

Honorable Edward J. Lodge
U. S. District Judge